# EXHIBIT 14

# Московская коллегия адвокатов
# «Александр Добровинский и партнеры»
107045, г.Москва, Последний переулок, дом 7
Тел.: +7 495 737 40 50
Факс: +7 495 737 40 51
E-mail: info@dobrovinsky.ru

## DECLARATION OF ALEXANDER DOBROVINSKIY

I, ALEXANDER DOBROVINSKIY, declare under penalty of perjury of the laws of the United States of America as follows:

1. I am an attorney licensed to practice law in the Russian Federation. I am familiar with the Russian laws concerning the ownership and conveyance of movable property, including cultural items. I am also familiar with the facts and circumstances of Alexander Yakovlevich Khochinskiy's possession of the painting by Antoine Pesne entitled "Girl with Dove" (the "Painting") and of the Republic of Poland's competing claim to the Painting.

2. Based on the facts and circumstances known to me, it is my professional opinion that Mr. Khochinskiy has good title to the Painting under the laws of the Russian Federation and that, in any event, Poland's competing claim is subject to the requirement of fair compensation under Russian law. The basis of my opinion is as follows:

   a) I understand the Mr. Khochinskiy inherited the Painting in 1991 from his father who had possessed it for many years.

   b) Under Articles 218, 225, and 234 of the Civil Code of the Russian Federation (the "Russian Civil Code"), a person

may acquire title to movable property by acquisitive prescription. This is similar to the doctrine of adverse possession in common law jurisprudence. In order to acquire title by acquisitive prescription, the possessor of the property must conscientiously, openly, and continuously administer the property as his or her own for the prescription period.

c)  Article 234 of the Russian Civil Code provides that the prescription period for movable property is five years. It further provides that a person claiming ownership by prescriptive acquisition has the benefit of the entire period during which the property in question was in the possession of that person's legal predecessor. This means that the heir to movable property may count the time that the property was in the decedent's possession.

d)  Article 43 of Federal Law No. 4804-1 of the Russian Federation, dated April 15, 1993, provides special rules for cultural valuables. The prescription period for items that fall within this statute is twenty years. Under the statute, a good faith possessor for fewer than twenty years of a cultural valuable that was illegally imported, stolen, or lost is required to return the cultural valuable to its rightful owner—but only upon the payment of fair compensation. If the rightful owner is a foreign State, the cultural valuable will be returned only if there is a treaty between that State and the Russian Federation providing for the payment of fair compensation or if such compensation is made on a reciprocal basis.

3. It is further my opinion that before Mr. Khochinskiy may convey the Painting to Poland, approval must be obtained from the Ministry of Culture of the Russian Federation and Poland must pay fair compensation for the Painting. The basis for my opinion is as follows:

a) I understand that Poland asserts that the Painting was taken by the German Third Reich, recovered by the Russian Army, and removed to a repository of the former Union of Soviet Socialist Republics (the "Soviet Union") during the Second World War.

b) Federal Law No. 64-N of the Russian Federation, dated April 15, 1998, governs the disposition of cultural valuables that were displaced to the Soviet Union during the Second World War and are now located on the territory of the Russian Federation. This statute provides that no such property may be exported without the authorization of the Ministry of Culture of the Russian Federation and the payment of fair compensation.

c) While it is lawful for an individual to possess such property in the Russian Federation, the unauthorized transfer of such property to a foreign party is a criminal offense.

d) All requests for the return of such property must be made only to the Ministry of Culture of the Russian Federation, and not to any individual, because only the Ministry of Culture is vested with the power to authorize the export of such property under the statute.

cause the payment of fair compensation is a legally required precondition to the transfer of such property out of the Russian Federation.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on April 02, 2015.



ALEXANDER DOBROVINSKIY



Добровинский Александр Андреевич является адвокатом регистрационный номер 77/6030 в реестре адвокатов г. Москвы

Главного Управления министерства юстиции Российской Федерации по г. Москве

А.Э. Бухсман

Удостоверение № 2328
28.02.2003 г.